UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER:

| | |
|---|---|
| Benjamin Moore,<br><br>      Plaintiff,<br><br>v.<br><br>Jose Gabriel Doreste Baena and US Mega Transport, Inc.,<br><br>      Defendants. | **NOTICE OF REMOVAL** |

**TO:**   THE UNITED STATES DISTRICT COURT

Now Come Defendants Jose Gabriel Doreste Baena and US Mega Transport, Inc., and hereby remove this civil action to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. 1441(a), and in support thereof states:

This is a civil action in which the Plaintiff is seeking to recover for damages allegedly suffered as a result of an accident involving a tractor-trailer on I-95 on or about September 26, 2024, in Florence County, South Carolina. Plaintiff commenced this action in the Court of Common Pleas for Florence County, South Carolina, styled *Benjamin Moore v. Jose Gabriel Doreste Baena and US Mega Transport, Inc.*, Civil Action No. 2025-CP-21-01615.

Plaintiff filed suit on June 11, 2025, in the Court of Common Pleas, Florence County, South Carolina, which is within the Florence Division of this Court. 28 U.S.C. § 121(3). Defendants filed their Answer to the Complaint on December 31, 2025 (**Exhibit A**: State Court Pleadings).

Plaintiff alleges that he sustained personal injuries in a motor vehicle collision involving a commercial tractor-trailer and asserts claims for negligence, negligence per se, vicarious liability,

negligent hiring, training, supervision, and retention, and negligent selection of an independent contractor.

Plaintiff seeks compensatory, consequential, and punitive damages, together with interest, costs, and such other relief as a jury may award.

I. **This Court has original jurisdiction over this matter.**

**A. Complete diversity exists among the parties.**

Plaintiff alleges that he is a citizen and resident of the State of Florida. (Compl. at ¶ 1). Defendant Jose Gabriel Doreste Baena is a citizen and resident of the State of Florida. *Id*. at ¶ 2. Defendant US Mega Transport, Inc. is incorporated in Ohio and has its principal place of business in Ohio.

Certain actions brought in state court may be removed to Federal Court pursuant to 28 U.S.C § 1441 (a). The procedure for removal to Federal Court is governed by 28 U.S.C. § 1446.

There is complete diversity of citizenship between the Plaintiff and Defendants.   Plaintiff is a citizen of the State of Florida and Defendants are citizens of the States of Florida and Ohio.

**B. The amount in controversy exceeds the jurisdictional minimum of this Court.**

Although Plaintiff's Complaint does not specify a sum certain, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

The amount in controversy is determined by "considering the judgment that would be entered if Plaintiff prevailed on the merits of the case as it stands at the time of removal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *Mattison v. Wal-Mart Stores, Inc.*, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011).

Where a complaint seeks an indeterminate amount of damages, the Court may consider the allegations of the complaint, the notice of removal, and other materials in the record, and may

draw reasonable inferences and apply common sense to determine whether the jurisdictional threshold is met. *Mattison*, 2011 WL 494395, at *2; *Crosby v. CVS Pharm., Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005).

On January 21, 2026, Plaintiff's counsel responded to Defendants' First Set of Requests for Admission and acknowledged for the first time that Plaintiff's damages may exceed $75,000.00. *See* Exhibit B. Plaintiff's counsel further declined to stipulate to capping Plaintiff's damages at $75,000.00 should a verdict be returned in excess of $75,000. These two concessions, when read together, support Plaintiff's counsel's view that Plaintiff could obtain a verdict in excess of $75,000 if he prevails on all his claims. The failure to admit that the amount in controversy exceeds $75,000 is nothing more than a veiled attempt to deprive this Court of its original jurisdiction over this matter.

For instance, Plaintiff alleges that he was "severely injured," continues to undergo medical treatment, and seeks damages for:

- Past and future medical expenses (with known medical bills exceeding $5,000);
- Personal property damage;
- Emotional distress and anxiety;
- Physical pain and suffering;
- Mental anguish; and
- Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing.

In addition, Plaintiff expressly seeks punitive damages based on allegations of recklessness, willfulness, and wantonness. Claims for punitive damages must be included when determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240

(1943); *Mattison*, 2011 WL 494395, at *2; *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). Courts in this District consistently hold that where a plaintiff seeks compensatory, consequential, and punitive damages for personal injuries—including pain and suffering, emotional distress, and loss of enjoyment of life—it is reasonably probable that the amount in controversy exceeds $75,000. *See Mattison*, 2011 WL 494395, at *3–4 (finding amount in controversy satisfied despite unspecified damages and denying motion to remand).

As the *Mattison* court explained, a plaintiff's request for punitive damages alone "makes it difficult for Plaintiff to prove she could not possibly recover the jurisdictional limit were she to prevail at trial." *Id*. at *3 (quoting *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999)).

Cearly, by Plaintiff's own admission concerning the amount in controversy and his refusal to stipulate to capping his damages at $75,000 if the matter remained in state court demonstrates both the expectation and likelihood that Plaintiff could, if he prevailed on all of his claims – including claims of recklessness and gross negligence, a judgment would exceed $75,000.00.

As further support, viewing Plaintiff's allegations and prayer for relief as they existed at the time of removal, and considering the full measure of compensatory, consequential, and punitive damages Plaintiff seeks, Defendants respectfully submit that it is more likely than not that the judgment entered if Plaintiff prevailed would exceed $75,000, exclusive of interest and costs. If Plaintiff were to prevail on all of his claims as they existed at the time of removal, Plaintiff could recover in excess of $75,000.00.

For those reasons, the amount in controversy is met and this Court possesses diversity jurisdiction over this matter.

II.     **Removal is timely and procedurally proper.**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that Defendants received a paper providing a basis for removal on January 21, 2026. Copies of all process, pleadings, and orders served upon Defendants in the state court action are attached as required by 28 U.S.C. § 1446(a).

**III.     Notice to State Court and Adverse Parties**

Written notice of this removal is being served upon Plaintiff's counsel, and a copy of this Notice of Removal is being filed with the Clerk of Court for Florence County, South Carolina, pursuant to 28 U.S.C. § 1446(d). Defendants will provide notice of this removal to the Clerk of Court of the Florence County Court of Common Pleas and shall request an Acknowledgement from the Clerk and, upon receipt, will file it with this Court.

WHEREFORE, Defendants respectfully file this Notice of Removal so that this case may proceed in the United States District Court, District of South Carolina, Florence Division, and that no further proceedings be held in said case in the Court of Common Pleas, County of Florence, State of South Carolina, and for such other further relief as the Court deems just and proper in the circumstances.

**MURPHY & GRANTLAND, P.A.**

*s/J. Thomas McBratney, III*
J. Thomas McBratney, III, Esq.
Federal ID: 10517
John M. Grantland, Esquire
Federal ID: 6462
P.O. Box 6648
Columbia, SC 29260
Phone: 803-782-4140
Fax: 803-782-4140
jgrantland@murphygrantland.com
tmcbratney@murphygrantland.com

*Attorneys for Defendants*

Columbia, South Carolina
February 3, 2026