ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS**<br>**FOR THE TWELFTH JUDICIAL CIRCUIT** |
| **COUNTY OF FLORENCE** | **CASE NO: 2025-CP-21-** |

**STATE OF SOUTH CAROLINA**

**COUNTY OF FLORENCE**

Benjamin Moore,

Plaintiff,

vs.

Jose Gabriel Doreste Baena and US Mega Transport, Inc.,

Defendants.

**IN THE COURT OF COMMON PLEAS**
**FOR THE TWELFTH JUDICIAL CIRCUIT**

**CASE NO: 2025-CP-21-**

**SUMMONS**
(Jury Trial Demanded)

**TO THE DEFENDANT ABOVE-NAMED:**

   **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Charleston, SC

June 11, 2025.

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

**STATE OF SOUTH CAROLINA**

**COUNTY OF FLORENCE**

| | |
|---|---|
| Benjamin Moore, | |
| Plaintiff, | |
| vs. | |
| Jose Gabriel Doreste Baena and US Mega Transport, Inc., | |
| Defendants. | |

**IN THE COURT OF COMMON PLEAS**
**FOR THE TWELFTH JUDICIAL CIRCUIT**

**CASE NO: 2025-CP-21-**

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff Benjamin Moore, by and through his undersigned attorney, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1.    Plaintiff Benjamin Moore ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff has been a resident and citizen of the State of Florida.

2.    Defendant Jose Gabriel Doreste Baena ("Defendant Driver") was driving the vehicle that smashed into Plaintiff and caused Plaintiff's injuries in the Crash. Upon information and belief, Defendant Driver is and has been a resident of the State of Florida.

3.    Defendant Mega Transport, Inc., ("Defendant Company") is a for-hire motor carrier which was engaged in interstate commerce. Defendant Company is incorporated and has its principal place of business in Ohio.

4.    Upon information and belief, at the time of the crash, Defendant Driver was an agent of Defendant Company in the course and scope of that agency.

5.    On September 26, 2024, at the time of the Crash, Defendant Company was a for-hire motor carrier, operating the commercial motor vehicle involved in this wreck through its agent

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

Defendant Driver, carrying goods for compensation in interstate commerce.

6.     Venue is proper in Florence County because the acts and omissions giving rise to this cause of action took place in Florence County, as further shown below.

7.     This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

### General Factual Allegations

8.     On September 26, 2024, Defendant Driver was operating a tractor-trailer on Interstate 95 (I-95) in Quinby, Florence County, South Carolina.

9.     Defendant Driver and Plaintiff were both traveling north on I-95.

10.     Defendant Driver was driving in the leftmost of three lanes, and Plaintiff was driving in the middle lane.

11.     Defendant Driver merged into Plaintiff's lane and crashed into Plaintiff's vehicle.

12.     As a result of Defendant Driver's negligence, Plaintiff was severely injured and is undergoing medical treatment.

### FOR A FIRST CAUSE OF ACTION
(Negligence *per se* Defendant Driver)

13.     Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

14.     Defendant Driver owed Plaintiff statutory duties, including the duty to operating his vehicle as a reasonable and prudent person without colliding with other vehicles on the road and to maintain his lane of travel. *See, e.g.*, S.C. Code Ann. §§ 56-5-1900(a).

15.     Defendant Driver's violation of his statutory duties constitutes negligence *per se.*

16.     Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to compensatory, consequential, and punitive damages.

17.     Defendant Driver's violations of his statutory duties caused Plaintiff's damages,

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

including but not limited to the following:

    a.  Past and future medical expenses,

    b.  Emotional distress and anxiety,

    c.  Physical pain and suffering,

    d.  Mental anguish,

    e.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

    f.  Other damages as will be shown in the discovery and trial of this case.

18.    Because Plaintiff was injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiff is entitled to compensatory and consequential damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

19.    Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Driver violated. Plaintiff also requests appropriate costs, attorney fees, and interest.

### FOR A SECOND CAUSE OF ACTION
(Negligence as to Defendant Driver)

20.    Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

21.    Defendant Driver owed Plaintiff a common-law duty to do the following:

    a.  Keep a proper lookout,

    b.  Maintain appropriate attention on the road while driving,

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

    c.  Maintain his vehicle in a roadworthy manner,

    d.  Operate his vehicle in a safe manner and at a safe speed, and

    e.  Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

22.    Defendant Driver breached his duty to Plaintiff in one or more of the following ways:

    a.  Failing to keep a proper lookout,

    b.  Driving while distracted,

    c.  Failing to observe Plaintiff's vehicle,

    d.  Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

23.    Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24.    Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff's injuries and Plaintiff's medical treatment. As a direct result of Defendant Driver's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a.  Past and future medical expenses,

    b.  Personal property damage,

    c.  Emotional distress and anxiety,

    d.  Physical pain and suffering,

    e.  Mental anguish,

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

f.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

g.  Other damages as will be shown in the discovery and trial of this case.

25.     Because Plaintiff were injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiff are entitled to compensatory and consequential damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

26.     Defendant Driver's acts and omissions demonstrate such want of care as to show Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff's and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff private rights which Defendant Driver violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines they are entitled.

## FOR A THIRD CAUSE OF ACTION
(Vicarious Liability as to Defendant Company)

27.     Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

28.     At the time of the Crash, Defendant Driver was acting as agent on behalf of Defendant Company.

29.     Defendant Company, acting through its agent, is therefore vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

30.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

judgment interest and any other relief this Court deems just.

## **FOR A FOURTH CAUSE OF ACTION**

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)

31.    Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

32.    Defendant Company was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on Defendant Company's behalf in one or more of the following ways:

   a.  Failing to review Defendant Driver's driving history;

   b.  Failing to assess Defendant Driver's driving skill;

   c.  Hiring Defendant Driver to drive on Defendant Company's behalf despite Defendant Driver's history of unsafe driving;

   d.  Failing to have policies and procedures to train or monitor Defendant Driver, or if such policies and procedures were in place, failing to enforce them;

   e.  Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Company in a safe and effective manner; and

   f.  Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

33.    Defendant Company knew or should have known that hiring, training, supervising, or retaining Defendant Driver posed a risk of foreseeable harm to third parties.

34.    Defendant Company's breach of its duty constitutes an independent negligent action which proximately caused harms to Plaintiff as set forth in the first and second causes of action.

35.    Thus, in addition to being vicariously liable for the harm Defendant Driver caused,

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

Defendant Company is also independently liable for those harms, as its own negligence also proximately caused those harms.

36.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

<div align="center">

**FOR A FIFTH CAUSE OF ACTION**
(Negligent Selection of an Independent Contractor as to Defendant Company)

</div>

37.     Plaintiff incorporates the foregoing paragraphs as if repeated verbatim here.

38.     In the alternative, Defendant Driver may have been an independent contractor of Defendant Company.

39.     Defendant Company owed Plaintiff a duty to exercise reasonable care in selecting an independent contractor who was suitably competent and careful given the risk of harm associated with operating a commercial motor vehicle on public roadways.

40.     The risk of harm associated with operating a commercial motor vehicle on public roadways is significant.

41.     Defendant Company breached its duty of care in selecting an independent contractor because it knew or should have known that Defendant Driver was not suitably competent and careful given the significant risk of harm associated with operating a commercial motor vehicle on public roadways.

42.     Defendant Company's negligent selection of Defendant Driver also proximately caused Plaintiff's harms as set forth in the first and second causes of action.

43.     Defendant Company is therefore independently liable for the harms it caused to Plaintiff through its negligent selection of Defendant Driver.

44.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-

ELECTRONICALLY FILED - 2025 Jun 11 10:09 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to orders the Defendants pay him compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

**DEFENDANTS AND THEIR ATTORNEY(S) ARE ADVISED THAT PLAINTIFF HAS SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

<div style="margin-left:50%">

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

</div>

Charleston, SC

June 11, 2025.

ELECTRONICALLY FILED - 2025 Jul 16 1:15 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br><br>Benjamin Moore,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Jose Gabriel Doreste Baena and US Mega<br>Transport, Inc.,<br><br>　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE TWELFTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2025-CP-21-01615<br><br><br>**AFFIDAVIT OF SERVICE** |

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On July 17, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Defendant Jose Gabriel Doreste Baena by depositing those documents with the commercial delivery service Federal Express, tracking number 8827-1286-6640, to be delivered to South Carolina Department of Motor, PO Box 1498, Blythewood, SC 29016. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant Jose Gabriel Doreste Baena received and signed for the delivery on July 14, 2025 at 09:38 AM.


Sworn to before me this
15th day of July, 2025

‑Notary Public of South Carolina

My Commission expires: 3/6/29

_____
Affiant Signature

# EXHIBIT A

ELECTRONICALLY FILED - 2025 Jul 16 1:15 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615



ELECTRONICALLY FILED - 2025 Jul 16 1:15 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

July 15, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882712866640

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | K.Mcgill | Delivery Location: | PO BOX 1498 |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery | | BLYTHEWOOD, SC, 29016 |
| | | Delivery date: | Jul 14, 2025 09:38 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 882712866640 | Ship Date: | Jul 11, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
South Carolina Department of Motor,
PO BOX 1498
BLYTHEWOOD, SC, US, 29016

Shipper:
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405

K. MCGILL
#3, 09:48, 153 Del, 0 NonDel

Thank you for choosing FedEx

ELECTRONICALLY FILED - 2025 Aug 19 9:12 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
FOR THE TWELVE JUDICIAL CIRCUIT

CASE NO.: 2025-CP-21-01615

Benjamin Moore,

Plaintiff,

vs.

Jose Gabriel Doreste Baena and US Mega
Transport, Inc.,

Defendants.

**AFFIDAVIT OF SERVICE**

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On August 18, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Defendant US Mega Transport, Inc. by depositing those documents with the commercial delivery service Federal Express, tracking number 8833-9027-3510, to be delivered to 9078 Union Centre Blvd Ste 350 West Chester, OH, 45069. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant US Mega Transport Inc. received and signed for the delivery on August 08, 2025, at 09:57 AM.

Sworn to before me this
18th day of August, 2025

_____
Notary Public of South Carolina

My Commission expires: January 23 2029

_____
Affiant Signature

ELECTRONICALLY FILED - 2025 Aug 19 9:12 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

# EXHIBIT A


August 18, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 883390273510

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | A.Finley | Delivery Location: | 9078 UNION CENTRE BLVDSTE 350 |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | WEST CHESTER, OH, 45069 |
| | | Delivery date: | Aug 8, 2025 09:57 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 883390273510 | Ship Date: | Aug 7, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
FAK Distribution C/O Zuparov Murad
9078 UNION CENTRE BLVD STE 350
WEST CHESTER, OH, US, 45069

Shipper:
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405



Thank you for choosing FedEx

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

Benjamin Moore,
                    Plaintiff,

vs.

Jose Gabriel Doreste Baena and US Mega
Transport, Inc.,

                    Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE TWELFTH JUDICIAL CIRCUIT

CASE NO.:  2025-CP-21-01615

**AFFIDAVIT OF SERVICE**

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On October 30, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Defendant US Mega Transport by depositing their registered agent Robert D. Moseley Jr. with documents with the commercial delivery service Federal Express, tracking number 8855-8063-0218, to be delivered to Moseley Marcinak Law Group, LLP 4324 Wade Hampton Blvd Ste B, Taylors, SC 29687. The delivery record for that tracking number, attached as **Exhibit A**, shows that US Mega Transport, Inc. registered agent Robert D. Moseley Jr. received and signed for the delivery on October 30, 2025 at 09:56 AM.

Sworn to before me this
5th day of November, 2025.

_____
Notary Public of South Carolina

My Commission expires: 15 Oct 2035

_____
Affiant Signature

Brandi L. Rhoads
Notary Public, State of South Carolina
My Commission Expires October 15 2035

ELECTRONICALLY FILED - 2025 Nov 05 9:42 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

ELECTRONICALLY FILED - 2025 Nov 05 9:42 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

# EXHIBIT A



ELECTRONICALLY FILED - 2025 Nov 05 9:42 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

November 04, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 885580630218

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | T.Tiffany | **Delivery Location:** | 4324 WADE HAMPTON BLVD |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Direct Signature Required | | TAYLORS, SC, 29687 |
| | | **Delivery date:** | Oct 30, 2025 09:56 |

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 885580630218 | **Ship Date:** | Oct 29, 2025 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Robert D. Moseley Jr. for US Mega T, Moseley Marcinak Law Group, LLP
4324 WADE HAMPTON BLVD STE B
TAYLORS, SC, US, 29687

**Shipper:**
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405



T. TIFFANY
#1, 09:57, 1 Del, 0 NonDel

Thank you for choosing FedEx

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

Benjamin Moore,
                    Plaintiff,

vs.

Jose Gabriel Doreste Baena and US Mega
Transport, Inc.,

                    Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE TWELFTH JUDICIAL CIRCUIT

CASE NO.: 2025-CP-21-01615

**AFFIDAVIT OF SERVICE**

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On June 23, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Defendant US Mega Transport, Inc. by depositing those documents with the commercial delivery service Federal Express, tracking number 8821-8694-7003, to be delivered 9078 Union Centre Blvd Ste 350, West Chester, OH 45069. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant The Mahoney Group, Inc. received and signed for the delivery on June 23, 2025 at 8:52 AM.

Sworn to before me this
26rd day of June 2025

_____
Notary Public of South Carolina

My Commission expires: 3/6/29

_____
Affiant Signature

ELECTRONICALLY FILED - 2025 Jun 27 8:57 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

# EXHIBIT A

ELECTRONICALLY FILED - 2025 Jun 27 8:57 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

ELECTRONICALLY FILED - 2025 Jun 27 8:57 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

**FedEx.**

June 26, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882186947003

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | F.Finley | Delivery Location: | 9078 UNION CENTRE BLVD STE 350 |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | WEST CHESTER, OH, 45069 |
| | | Delivery date: | Jun 23, 2025 08:52 |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 882186947003 | Ship Date: | Jun 20, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
US Mega Transport Inc.
9078 UNION CENTRE BLVD STE 350
WEST CHESTER, OH, US, 45069

Shipper:
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405



F. FINLEY
#3, 08:58, 3 Del, 0 NonDel

Thank you for choosing FedEx

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | CIVIL ACTION NO: 2025-CP-21-01615 |

Benjamin Moore,

Plaintiff,

v.

Jose Gabriel Doreste Baena and US Mega
Transport, Inc.,

Defendants.

**ANSWER OF DEFENDANTS JOSE
GABRIEL DORESTE BAENA AND US
MEGA TRANSPORT, INC. TO
PLAINTIFF'S COMPLAINT**
**(Jury Trial Demanded)**

**TO:   JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR PLAINTIFF, AND TO
THE PLAINTIFF ABOVE NAMED:**

The Defendants, Jose Gabriel Doreste Baena and US Mega Transport, Inc., answering the

Plaintiff's Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**
**(General Denial)**

1.     The Defendants deny each and every allegation of the Plaintiff's Complaint unless

specifically admitted.

2.     As to Paragraph 1 of Plaintiff's Complaint, Defendants admit upon information and

belief.

3.     As to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Defendant Jose

Gabriel Doreste Baena is a resident of the State of Florida. The remainder of said Paragraph 2 is

denied.

4.     As to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Defendant US

Mega Transport, Inc., is incorporated and has its principal place of business in Ohio. The remainder

of said Paragraph 3 is denied.

1

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

5.     As to Paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Jose Gabriel Doreste Baena is an independent contractor of Defendant US Mega Transport, Inc., that was driving under their authority at the time of the accident. The remainder of said Paragraph 4 is denied.

6.     As to Paragraph 5 of Plaintiff's Complaint, Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same and therefore deny same and demand strict proof thereof.

7.     As to Paragraph 6 of Plaintiff's Complaint, Defendants admit upon information and belief.

8.     As to Paragraph 7 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

9.     As to Paragraphs 8 and 9 of Plaintiff's Complaint, Defendants admit upon information and belief.

10.     As to Paragraphs 10, 11, and 12 of Plaintiff's Complaint, deny same and demand strict proof thereof.

## FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
### (Negligence *per se* Defendant Driver)

11.     As to Paragraph 13 of Plaintiff's Complaint, Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

12.     As to Paragraphs 14, 15, 16, 17, 18, and 19 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

## **FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION**
### **(Negligence as to Defendant Driver)**

13.     As to Paragraph 20 of Plaintiff's Complaint, Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

14.     As to Paragraphs 21, 22, 23, 24, 25, and 26 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

## **FOR A FIRST DEFENSE TO THE THIRD CAUSE OF ACTION**
### **(Vicarious Liability as to Defendant Company)**

15.     As to Paragraph 27 of Plaintiff's Complaint, Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

16.     As to Paragraphs 28, 29, and 30 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

## **FOR A FIRST DEFENSE TO THE FOURTH CAUSE OF ACTION**
### **(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)**

17.     As to Paragraph 31 of Plaintiff's Complaint, Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

18.     As to Paragraphs 32, 33, 34, 35, and 36 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

## **FOR A FIRST DEFENSE TO THE FIFTH CAUSE OF ACTION**
### **(Negligent Selection of an Independent Contractor as to Defendant Company)**

19.     As to Paragraph 37 of Plaintiff's Complaint, Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

20.     As to Paragraphs 38, 39, 40, 41, 42, 43, and 44 of Plaintiff's Complaint, Defendants deny same and demand strict proof thereof.

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

21.      The Defendants deny any factual allegations contained within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## FOR A SECOND DEFENSE
**(Sole Negligence of Plaintiff)**

22.      The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

23.      The Defendants would show, upon information and belief, that the injuries sustained by the Plaintiff were the result of the sole negligence of the Plaintiff and therefore, the Plaintiff cannot recover any sum whatsoever from the Defendants.

## FOR A THIRD DEFENSE
**(Comparative Negligence of Plaintiff)**

24.      The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

25.      The Defendants would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to Plaintiff's own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of the Defendants, (such negligence on the part of the Defendants being specifically denied), to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred. The Defendants plead such negligence, carelessness, recklessness and gross negligence on the part of the Plaintiff and would ask that this court compare the negligence of the Plaintiff and the Defendants and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of the Defendants, (such negligence, carelessness, recklessness and/or gross negligence on the part of the Defendants being specifically denied), then the Plaintiff should be

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

totally barred from recovery and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of the Defendants, then the amount of recovery available to the Plaintiff should be reduced by the percentage of the Plaintiff's own negligence, carelessness, recklessness and gross negligence.

## FOR A FOURTH DEFENSE
### (Insufficiency of Service / Insufficiency of Service of Process)

26.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

27.     The Defendants would assert that the Plaintiff has failed to properly serve the Defendants and that this matter should be dismissed for insufficiency of process and insufficiency of service of process in accordance with Rule 12(b)(4) and Rule 12(b)(5) of the *South Carolina Rules of Civil Procedure*.

## FOR A FIFTH DEFENSE
### (Sudden Emergency)

28.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

29.     The Defendants would show, upon information and belief, that the Defendant was placed in a sudden emergency situation and the accident was unavoidable. Therefore, the Defendants plead the defense of sudden emergency and unavoidable accident as complete defenses to the Plaintiff's claims.

## FOR A SIXTH DEFENSE
### (Rule 12(b)(6))

30.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

31.     The Defendants would show, upon information and belief, that the Complaint fails to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure* and, therefore, the Plaintiff's Complaint should be dismissed with costs.

### FOR A SEVENTH DEFENSE
**(Punitive Damages)**

32.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

33.     The Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that these Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because these Defendants can be compelled to give testimony against themselves in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates these Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

### FOR AN EIGHTH DEFENSE
**(Punitive Damages)**

34.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

35.     Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### FOR A NINTH DEFENSE
**(Punitive Damages)**

36.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

37.     Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

### FOR A TENTH DEFENSE
**(Reservation of Additional Affirmative Defenses)**

38.     The Defendants adopt and reassert each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

39.     Defendants specifically reserve the right to assert further defenses that may be revealed by additional information acquired during discovery or otherwise from any other party herein. Defendants further reserve the right to amend this Answer to assert any other applicable defenses, to assert any applicable crossclaims and/or counterclaims, and to implead any other applicable parties.

WHEREFORE, having answered the Plaintiff's Complaint, these Defendants respectfully request that the Complaint be dismissed, with costs, and for such other and further relief as the Court deems just and proper.

These Defendants demand a jury trial.

**MURPHY & GRANTLAND, P.A.**

_s/Andrew Balcerzak_
John M. Grantland, Esquire
S.C. Bar No. 64158
Andrew Balcerzak, Esquire
S.C. Bar No. 106261
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
F: 803-782-4140

_Attorneys for Defendants_

Columbia, South Carolina
December 31, 2025

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

Benjamin Moore,

Plaintiff,

v.

Jose Gabriel Doreste Baena and US Mega
Transport, Inc.,

Defendants.

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2025-CP-21-01615

**DEFENDANTS' MOTION TO
ENLARGE TIME TO ANSWER
AND/OR SET ASIDE ENTRY OF
DEFAULT**

**TO:     JONATHAN D. GRAHAM, ESQUIRE, ATTORNEY FOR PLAINTIFF, AND TO
THE PLAINTIFF ABOVE NAMED:**

**YOU WILL PLEASE TAKE NOTICE** that Defendants Jose Gabriel Doreste Baena and

US Mega Transport, Inc. (hereinafter "these Defendants"), by and through their undersigned

counsel, will move before the Presiding Judge for Florence County on the 10th day after service

hereof, or soon as may be heard, for an Order setting aside the Entry of Default and enlarging the

time to file and serve an Answer, or in the alternative, permitting these Defendants to file a late

Answer. These Defendants' Motion is made on the following grounds:

(1)     That counsel for these Defendants was retained and received the suit papers in this

matter on December 31, 2025, and has acted with haste to respond herein; and

(2)     That these Defendants have a meritorious defense, and that Plaintiff will not be

prejudiced by setting aside the entry of default**.**

This Motion is made pursuant to Rule 55(c) of the *South Carolina Rules of Civil Procedure*

and will be supplemented and supported by such affidavits, depositions, discovery responses,

memoranda of law, and such other documents as appropriate.

*(signature on following page)*

1

**MURPHY & GRANTLAND, P.A.**

*s/Andrew Balcerzak*
John M. Grantland, Esquire
S.C. Bar No. 64158
Andrew Balcerzak, Esquire
S.C. Bar No. 106261
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
F: 803-782-4140

*Attorneys for Defendants*

Columbia, South Carolina
December 31, 2025

ELECTRONICALLY FILED - 2025 Dec 31 3:22 PM - FLORENCE - COMMON PLEAS - CASE#2025CP2101615